IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| SKYLINE USA, INC., | § | |
| | § | CIVIL ACTION NO. 6:13ev-1442-01-220JK |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| UNIFORM 4 ALL, INC. d/b/a | § | |
| UNIFORM & ACCESSORIES | § | |
| WAREHOUSE, | § | |
| | § | A JURY IS DEMANDED |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

Skyline USA, Inc. for its Original Complaint against Defendant Uniform 4 All, Inc. d/b/a Uniform & Accessories Warehouse, states and alleges as follows:

### I. PARTIES

1.     Plaintiff Skyline USA, Inc. (hereinafter "Skyline USA") is a corporation organized and existing under the laws of the State of Florida and doing business in this Judicial District.

2.     On information and belief, Defendant Uniform 4 All, Inc. d/b/a Uniform & Accessories Warehouse (hereinafter "Uniform & Accessories Warehouse") is a corporation organized and existing under the laws of the State of California. On information and belief, Uniform & Accessories Warehouse has offered for sale and sold infringing products in this Judicial District and delivered infringing products into the stream of commerce that it knew would be offered for sale and sold in this Judicial District. Uniform & Accessories Warehouse therefore is subject to personal jurisdiction in the State of Florida in this

1

Judicial District. Uniform & Accessories Warehouse may be served with process by serving its president, Kamela Kator at 20701 Nordhoff St, Chatsworth, CA 91311.

## II. JURISDICTION AND VENUE

3.      This action is for (i) patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, § 271 et seq.; (ii) federal unfair competition under the Lanham Act, 15 U.S.C. § 1125 *et seq*.; and (iii) Florida common law trademark infringement, unfair competition, and deceptive and unfair trade practices under Florida State Law, which are joined with substantial and related claims under the federal trademark laws and this Court has jurisdiction as to such claims under 28 U.S.C. § 1338(b).

4.      This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a), and pursuant to the Lanham Act, 15 U.S.C. § 1121(a).

5.      Defendant Uniform & Accessories Warehouse is a corporation that has committed acts of patent infringement, trademark infringement, and acts of unfair competition in this Judicial District. A substantial part of the events or omissions giving rise to the claims occurred in this Judicial District. Accordingly, venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2).

## III. BACKGROUND FACTS

6.      Skyline USA is the exclusive licensee of all right, title, and interest in and to United States Design Patent No. D682,980 entitled "Stun Gun," ("the '980 Patent") duly issued on May 21, 2013 by the United States Patent and Trademark Office, a copy of which is attached hereto as Pleading Exhibit 1. Such right, title, and interest include, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

2



United States Design Patent D682,980

7.      Plaintiff is the owner of the federal trademark application number 86059521 for "iStun" for use in connection with stun guns.



8.      At least as early as April 21, 2012, Plaintiff used the aforementioned mark in commerce and has used it continuously since in connection with the marketing and sale of stun guns including Plaintiff's website, for example as follows:



9.      Defendant Uniform & Accessories Warehouse has offered to sell and sold in the United States combined flashlights and stun guns that fall within the scope of the claim of the '980 Patent.   The Uniform & Accessories Warehouse combined flashlight and stun gun shares with patented design D682,980 a distinctive overall appearance.  The following

is a comparative visual analysis of the patented Skyline design and the accused Uniform &

Accessories design:

| Flashlight/Stun Gun View | Skyline | Uniform & Accessories |
|---|---|---|
| Front Elevational View |  |  |
| Rear Elevational View |  |  |
| Top Plan View |  |  |



| Bottom Plan View | | |
| Left Side Elevational View | | |
| Right Side Elevational View | | |



| Front Perspective View | | |
| --- | --- | --- |
| Rear Perspective View | | |

10.    Defendant Uniform & Accessories Warehouse has used the "iStun" trademark

in connection with the marketing and sales of its stun guns, for example as follows:



## COUNT I
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271, ET SEQ.

11. Plaintiff reasserts the allegations of paragraphs 1 through 10 and incorporates the same herein by reference.

12. Defendant Uniform & Accessories Warehouse has offered to sell in this Judicial District, and offered to sell and sold in the United States, stun gun products that fall within the scope of the claim of Patent No. D682,980, all in violation of 35 U.S.C. § 271, et seq.

13. On information and belief, the acts of infringement by Uniform & Accessories Warehouse described above have been and continue to be intentional and willful.

14. Plaintiff Skyline USA is entitled to damages as a result of Defendant's infringement, as provided by law.

8

15.     On information and belief, Uniform & Accessories Warehouse has caused irreparable damage to Skyline USA by its acts of infringement as described above and will continue said acts of infringement unless permanently enjoined by this Court.

16.     Plaintiff Skyline USA has placed the required statutory marking and notice on all products made and sold by it under Patent No. D682,980.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125 (a)

17.     Plaintiff reasserts the allegations of paragraphs 1 through 16 and incorporates the same herein by reference.

18.     Through Plaintiff's prior ownership, adoption and use in interstate commerce, Plaintiff owns common law trademark rights throughout the United States in connection with the iStun brand.

19.     Upon information and belief, Defendants, without Plaintiff's consent, have used Plaintiff's iStun trademark in commerce and in connection with the sale, offering for sale, distribution and/or advertising of goods such that Defendant is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship or association or approval of Defendant's goods and/or to falsely imply an association with Plaintiff.

20.     Defendant's unauthorized use of Plaintiff's iStun trademark is likely, if not certain, to cause confusion or to deceive customers as to the affiliation, association or connection of Defendant's stun gun with Plaintiff.

21.     Defendant's unauthorized use of Plaintiff's trademark also facilitates the acceptance of Defendant's product not based on quality of goods provided by Defendant but on the association that the public is likely to make with Plaintiff and the reputation for quality and goodwill associated with Plaintiff's product.

22.     Defendant's conduct deprives Plaintiff of the ability to control the quality of the goods marketed under the infringed mark, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control.

23.     Upon information and belief, Defendant's infringement of Plaintiff's trademark and unfair competition has been intentional, willful and without regard to Plaintiff's rights.  Defendant has gained profits by virtue of its unfair competition and infringement of Plaintiff's rights.

24.     Plaintiff has sustained damages, including but not limited to lost income, profits and business opportunities as a direct and proximate result of Defendant's infringement and unfair competition.

25.     Plaintiff will suffer and is suffering irreparable harm to its business, reputation and goodwill from Defendant's infringement and unfair competition.

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

26.     Plaintiff reasserts the allegations of paragraphs 1 through 25 and incorporates the same herein by reference.

27.     Plaintiff is the exclusive rightful owner of common law rights in and to the iStun Mark in the United States for use in connection with the sale of stun guns.

28.     Defendant's intentional and unlawful acts have caused actual confusion.

29.     Defendant's advertising using the iStun Mark constitutes unfair competition in violation of common law principles protecting trademarks and on information and belief, such has caused, and is likely to continue to cause, confusion, mistake and deception and is likely to mislead consumers and potential consumers into believing that Defendant's

goods are affiliated with, or are otherwise sponsored, authorized, approved, or sanctioned by Plaintiff.

30.    As a direct and proximate result of Defendant's acts Plaintiff has sustained damages in the form of lost sales and other damages. Moreover, the continued deceptive actions will result in future diverted sales and damages to Plaintiff as well as irreparable harm to Plaintiff's business standing, reputation and goodwill.

## COUNT IV
## FLORIDA COMMON LAW UNFAIR COMPETITION

31.    Plaintiff reasserts the allegations of paragraphs 1 through 30 and incorporates the same herein by reference.

32.    Defendant's acts constitute unlawful, unfair or fraudulent business acts, practices or competition in violation of Florida common law.

33.    As a result of Defendant's unfair competition, Plaintiff has been damaged.

34.    Unless Defendant's unfair competition is enjoined by the Court, Defendants will continue their unfair competition and otherwise continue to cause irreparable damage and injury to Plaintiff.

## COUNT V
## DECEPTIVE AND UNFAIR TRADE PRACTICES

35.    Plaintiff reasserts the allegations of paragraphs 1 through 34 and incorporates the same herein by reference.

36.    Defendant's conduct is willful and Defendant has engaged in unfair methods of competition unconscionable acts or practices, and/or an unfair or deceptive acts or practices in trade or commerce in violation of Fla. Stat. § 501.204.

37.    The products depicted on Defendant's web pages and advertisements are very

11

similar or identical to Plaintiff's and/or contain the iStun Mark and are designed to deceive or confuse the public.

38.     Plaintiff has suffered damages as a direct and proximate result of Defendant's conduct.

39.     Pursuant to Fla. Stat. § 501.211, Plaintiff is entitled to the entry of an injunction enjoining Defendant from any further violation of the statute as well as its attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered in its favor and against the Defendant for the following relief:

A.      That U.S. Design Patent No. D682,980 is valid and enforceable;

B.      That Defendant has infringed U.S. Design Patent No. D682,980 and that such infringement was willful;

C.      An award of damages to Plaintiff Skyline USA against Defendant for infringement of U.S. Design Patent No. D682,980 under 35 U.S.C. § 284 or § 289;

D.      In the event Skyline USA elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Plaintiff Skyline USA to three times the actual damages, pursuant to 35 U.S.C. § 284;

E.      That Uniform & Accessories Warehouse be permanently enjoined from infringing U.S. Design Patent No. D682,980;

F.      That this case be deemed as exceptional under 35 U.S.C. § 285 due to the intentional and willful nature of Defendant's infringement, and an award to Plaintiff Skyline USA of attorney fees under 35 U.S.C. § 285.

G.      An award of prejudgment and post judgment interest and costs of suit to Plaintiff Skyline USA; and

H.      Adjudge that Defendant has infringed Plaintiff's iStun Mark under common law;

I.      Adjudge that Defendant's use of Plaintiff's Mark constitutes unfair competition under federal law;

J.      Adjudge that Defendant's use of Plaintiff's Mark constitutes unfair and deceptive trade practices under Florida law;

K.      An Order prohibiting and permanently enjoining Defendant, its licensees, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, entities, firms, corporations or partnerships in active concert or participation with Defendant, and/or any person(s) acting for, with, by or through or under any of them, from:

i.      Directly or indirectly infringing Plaintiff's above described "iStun" Mark in any manner, including, generally, but not limited to using, reproducing, manufacturing, advertising, selling, offering for sale, distributing any goods or merchandise which picture, reproduce, or utilize Plaintiff's Mark or colorable imitation of the same;

ii.      Applying Plaintiff's Mark or colorable imitation of the same to any label, sign, print, package, wrapper, receptacle, brochure, product, invoice, website, banner, link, email address or advertisement used in connection with the manufacture, distribution, sale, or offering for sale of any goods, merchandise or products, and/or in connection with the performance of or offer to perform any services;

iii.      Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Marks in connection with the promotion, advertisement, marketing

or performance of any services, or the promotion, advertising, display, marketing, sale, offering for sale, manufacture, production, importation, exportation, or distribution of any goods, apparel, merchandise or products in the United States, or which relate, connection or associate such goods or services in any way to Plaintiff;

   iv. Using any trademark that tends to falsely represent, or is likely to confuse, mislead or deceive Plaintiff's customers, Defendant's customers or members of the public that the goods or services sold or offered to be sold by Defendants originate from Plaintiff, or that said goods or services are sponsored, approved, licensed, associated, connected or affiliated with Plaintiff;

   v. Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchase, Defendant's customers, Plaintiff's customers, or members of the public that the actions of the Defendants are sponsored, approved, licensed, connected or affiliated with Plaintiff;

   vi. Affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, promotion, sale, offering for sale, performance or offer to perform, or other use of any business records, website, or email address, a false description or representation, including words or other symbol, tending to describe falsely to represent such goods, services or advertising material as being those of Plaintiff;

   vii. assigning or transferring, forming new entities or associations utilizing any other device for purpose of circumventing or otherwise avoiding the prohibitions set forth in any Court Order;

   viii. Otherwise competing unfairly with Plaintiff or damage the goodwill or business reputation of Plaintiff.

L.     As provided by 15 U.S.C. §1116(a), and within thirty (30) days of entry of judgment for Plaintiff, requiring Defendants and each of its licensees, agents, servants, employees, attorneys, representatives, successors and assigns and all persons, entitles, firms or partnerships in active concert or participation with Defendants to deliver up for destruction or distribution to Plaintiff: any and all advertising materials, letterhead, business cards, invoices, websites, brochures, flyers, and any other writing materials or electronic material used in its business, which falsely display, reproduce, copy, counterfeit, imitate or bear Plaintiff's Mark or any simulation or variant thereof;

M.     Adjudge that (i) Plaintiff recover from Defendant damages for Defendant's trademark infringement under 15 U.S.C. § 1117 and false designation of origin in the form of either, at Plaintiff's election before the entry of a final judgment: (i) Defendant's profits, Plaintiff's damages and costs, trebled under 15 U.S.C. § 1117(b); or (ii) statutory damages pursuant to 15 U.S.C. § 1117(c)(2), plus prejudgment and post-judgment interest;

N.     Adjudge that Plaintiff be awarded all costs and disbursements incurred in connection with this action, including Plaintiff's reasonable attorney's fees and any investigative expenses, against Defendant on the ground that this is an exceptional case under 15 U.S.C. § 1117;

O.     An Order that Defendant give a detailed accounting sufficient to determine damages during the infringement period;

P.     An Order requiring the Defendants, within thirty (30) days after service of Judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which Defendants have complied with the Judgment; and.

15

Q.    An Order granting Plaintiff such other and further relief as deemed just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiff Skyline USA, pursuant to Rule 38(b) of the Federal Rues of Civil Procedure, demands a trial by jury on all issues triable by right by a jury.

Respectfully submitted,

Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
825 Market Street, Suite 250
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Attorney for Plaintiff Skyline USA, Inc.